# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHUKWUMA E. AZUBUKO,<br><br>         Plaintiff,<br> vs.<br><br>UNITED STATES COURT OF APPEAL;<br>and UNITED STATES,<br><br>         Defendants. | CASE NO. 11-CV-2145 - IEG (BLM)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION OR RELIEF FROM JUDGMENT**<br><br>[Doc. No. 13] |

  Presently before the Court is Plaintiff's motion for reconsideration or relief from judgment from the Court's Order *sua sponte* dismissing his first amended complaint. [Doc. No. 13.] For the reasons below, the Court **DENIES** the motion.

## BACKGROUND

  Plaintiff commenced this action on September 15, 2011 against the United States and the United States Court of Appeals. [Doc. No. 1.] The Court granted Plaintiff leave to proceed *in forma pauperis*, but dismissed his complaint *sua sponte* as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). [Doc. No. 3.] In dismissing the complaint, the Court noted that Plaintiff did not provide any allegations in the complaint showing that the United States waived its sovereign immunity, and the Court stated that Plaintiff's claims against the Courts of Appeals were barred by the doctrine of absolute judicial immunity. [Id.] The Court gave Plaintiff leave to file an amended complaint. [Id.]

  On September 29, 2011, Plaintiff filed a first amended complaint ("FAC"), [Doc. No. 4],

1  which the Court *sua sponte* dismissed with prejudice, as frivolous and for failure to state a claim
2  pursuant to 28 U.S.C. § 1915(e)(2)(B). [Doc. No. 5.] The Court noted that Plaintiff's FAC
3  suffered from the same defects as the original complaint. [Id.] The Clerk entered judgment
4  against Defendant on October 14, 2011. [Doc. No. 6.] Plaintiff did not appeal the Court's order
5  dismissing his action with prejudice. By the present motion, Plaintiff seeks reconsideration of the
6  Court's order dismissing his action with prejudice. [Doc. No. 13, Pl.'s Mot.]

## DISCUSSION

### I    Legal Standard

Federal Rule of Civil Procedure 60(b) allows the Court to relieve a party from a final judgment or order if the judgment is void or for any reason that justifies relief. FED R. CIV. P. 60(b)(4), (6). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). "The rule is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993).

"'A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. Id.

### II.   Analysis

Plaintiff argues that there was no basis for dismissing his complaint and the Court's judgment is void. [Pl.'s Mot. at 1-2.] Plaintiff argues that the Court had jurisdiction over his claims, venue was proper, and his complaint involved the denial of well-established constitutional rights. [Id.] However, Plaintiff fails to address the reason why his case was dismissed *sua sponte* with prejudice–because he failed to show that his claims were not barred by the doctrines of

1  sovereign and judicial immunity.  The Court properly dismissed his claims against the United
2  States as barred by the doctrine of sovereign immunity and dismissed his claims against the Court
3  of Appeals as barred by the doctrine of absolute judicial immunity.  See United States v. Park
4  Place Associates, Ltd., 563 F.3d 907, 924 (9th Cir. 2009); In re Castillo, 297 F.3d 940, 947 (9th
5  Cir. 2002).  Accordingly, the Court's prior order dismissing his case with prejudice was not made
6  in clear error.

## CONCLUSION

For the reasons above, the Court **DENIES** Plaintiff's motion for reconsideration or relief from judgment.  Plaintiff's case is closed, and the Court will not accept any further filings from Plaintiff.

**IT IS SO ORDERED.**

**DATED: February 17, 2012**

_____
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**